UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEROME DERRELL ROBERTSON,

    Plaintiff,

    v.

DR. WALA, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-522-PPS-MGG

## OPINION AND ORDER

Jerome Derrell Robertson, a prisoner without a lawyer, filed a complaint. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Robertson alleges that, on April 20, 2018, he transferred to the Westville Control Unit after attempting suicide at the New Castle Correctional Facility. On April 27, during an intake evaluation, Robertson told Dr. Durak that he stopped speaking with his physician at the New Castle Correctional Facility because she refused

to send him to the hospital after he attempted to commit suicide. However, Dr. Durak never told Dr. Wala, the psychologist for the Westville Control Unit, that Robertson should be hospitalized. Dr. Durak's examination also caused Robertson to be placed in segregation and deprived Robertson of accommodations for his mental condition.

On May 16, 2018, Robertson complained of constant suicidal thoughts and hearing voices that told him to harm himself and others. He attributed these symptoms to his restrictive housing conditions. On May 17, Therapist Boren placed Robertson on constant observation, stating that Robertson reported symptoms but refused to discuss them and that Robertson notified the medical unit in writing of his intent to abstain from mental health services. On May 22, Robertson complained of constant anxiety attacks, depression, and frequent episodes of psychosis. However, Therapist Boren never provided any treatment.

Dr. Wala has examined Robertson on multiple occasions, and, during each examination, Robertson informs Dr. Wala that his restrictive housing conditions cause constant anxiety attacks and suicidal thoughts. In response, Dr. Wala explains that Robertson does not satisfy the criteria to be classified as seriously mentally ill. Despite reporting these symptoms, Robertson remains in segregation and has not received accommodations for his mental condition

Robertson alleges a claim of deliberate indifference to serious medical needs against Dr. Durak, Dr. Wala, and Therapist Boren. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective

component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Robertson states a plausible claim of deliberate indifference against Dr. Durak, Dr. Wala, and Therapist Boren.

For these reasons, the court:

(1) GRANTS Jerome Derrell Robertson leave to proceed against Dr. Durak, Dr. Wala, and Therapist Boren for money damages for denying him adequate medical treatment for his mental condition in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Services to issue and serve process on Dr. Durak, Dr. Wala, and Therapist Boren at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Durak, Dr. Wala, and Therapist Boren respond, as provided by the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for Jerome Derrell Robertson has been granted leave to proceed in this order.

SO ORDERED on July 18, 2018.

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT